IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  5:07cr2/MW/EMT
 5:16cv178/MW/EMT

KELVIN DEON SMITH

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 61). The Government filed a response (ECF No. 63), and Defendant did not request leave to file a reply (*see* ECF No. 62, advising Defendant that if he wishes to file a reply he must obtain leave to do so).[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the court concludes that Defendant has not raised any issue

---

[1] The order at ECF No. 62 was re-mailed to Defendant after it was returned due to a clerical error in Defendant's Register Number that prevented its delivery (*see* ECF No. 64 and staff note dated July 11, 2016).

requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND and ANALYSIS

Defendant pleaded guilty to a single count of conspiracy to possess with intent to distribute more than fifty (50) grams of a mixture and substance containing cocaine base (ECF Nos. 9, 31–33). The remaining substantive count was dismissed at the time of the plea.

The Presentence Investigation Report ("PSR") reflected a base offense level of 34 and a two-level downward adjustment for acceptance of responsibility,[2] prior to application of the career offender enhancement (ECF No. 65, PSR ¶¶ 16, 22, 23). Defendant was classified as a Career Offender under § 4B1.1 of the Sentencing Guidelines because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense (ECF No. 65, PSR ¶ 24). More specifically, the PSR identified three prior controlled substance convictions and one conviction of aggravated assault. With the career offender enhancement, Defendant's total offense level was 35 (ECF No. 65, PSR ¶ 26). Defendant had a

---

[2] Defendant was only eligible for a two-level adjustment because he entered his plea on the first day of trial.

Case Nos.: 5:07cr2/MW/EMT; 5:16cv178/MW/EMT

requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND and ANALYSIS

Defendant pleaded guilty to a single count of conspiracy to possess with intent to distribute more than fifty (50) grams of a mixture and substance containing cocaine base (ECF Nos. 9, 31–33). The remaining substantive count was dismissed at the time of the plea.

The Presentence Investigation Report ("PSR") reflected a base offense level of 34 and a two-level downward adjustment for acceptance of responsibility,[2] prior to application of the career offender enhancement (ECF No. 65, PSR ¶¶ 16, 22, 23). Defendant was classified as a Career Offender under § 4B1.1 of the Sentencing Guidelines because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense (ECF No. 65, PSR ¶ 24). More specifically, the PSR identified three prior controlled substance convictions and one conviction of aggravated assault. With the career offender enhancement, Defendant's total offense level was 35 (ECF No. 65, PSR ¶ 26). Defendant had a

---

[2] Defendant was only eligible for a two-level adjustment because he entered his plea on the first day of trial.

total of 38 criminal history points and a criminal history category of VI (ECF No. 65, PSR ¶¶ 55–57). However, because he had two prior felony drug convictions, he was subject to a statutory mandatory penalty of life imprisonment which trumped the otherwise applicable guidelines range (ECF No. 65, PSR ¶ 81–82).

On May 16, 2007, the court sentenced Defendant to a term of life imprisonment (ECF Nos. 38–40, 59). Defendant did not appeal. In 2013, his sentence was reduced to a term of 200-months' imprisonment (ECF Nos. 45–77). Thereafter, Defendant unsuccessfully moved for a sentence reduction under Amendment 782 (ECF Nos. 48, 49, 51, 52, 53, 56,60), following which he filed the instant motion to vacate seeking relief pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In *Johnson*, the Supreme Court ruled that the Armed Career Criminal Act's, ("ACCA") "residual clause" was unconstitutionally vague (ECF No. 41). [3] *Johnson* does not apply to Defendant's case for two reasons. First, Defendant was not convicted of an offense under the ACCA, but rather he was classified as a career offender under the Sentencing Guidelines (ECF No. 65, PSR ¶¶ 24, 35, 37, 44), and

---

[3] The Supreme Court has since held that *Johnson v. United States*, 135 S. Ct. 2551 (2015), announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016).

Case Nos.: 5:07cr2/MW/EMT; 5:16cv178/MW/EMT

the Supreme Court has held that the holding in *Johnson* does not apply to the Sentencing Guidelines, as they are not subject to a due process vagueness challenge.[4] *Beckles v. United States*, 137 S. Ct. 886, 897 (2017). Second, Defendant's life sentence was statutorily mandated because he had two or more prior convictions for felony drug offenses. 21 U.S.C. § 841(b)(1)(A). As such, he is not entitled to relief, and his motion should be denied without a hearing.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

---

[4] Additionally, Defendant's predicate offenses did not fall under the residual clause.

Case Nos.: 5:07cr2/MW/EMT; 5:16cv178/MW/EMT

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The motion to vacate, set aside, or correct sentence (ECF No. 61) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of August 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 5:07cr2/MW/EMT; 5:16cv178/MW/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:07cr2/MW/EMT; 5:16cv178/MW/EMT